## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MATTHEW MCGINLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 CV 1586 |
| vs. | ) | |
| | ) | Judge James E. Shadid |
| LIVINGSTON COUNTY, et al. | ) | Magistrate Judge John A. Gorman |
| | ) | |
| Defendants. | ) | |

### LIVINGSTON COUNTY DEFENDANTS' ANSWER &
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME Defendants SHERIFF ALVIN LINDSEY, OFFICER SHAWNEE

BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON LAWRENCE, OFFICER

MICHAEL ATKINSON and SERGEANT SCOTT HARMON ("Livingston County

Defendants"), by and through their attorney, MICHAEL D. BERSANI and ZRINKA R. DAVIS

of HERVAS, CONDON & BERSANI, P.C., and for their Answer and Affirmative Defenses to

Plaintiff's Complaint, Defendants state as follows:

### PARTIES

1.      Plaintiff, Mathew McGinley, is a citizen of the United States, and a resident of

Livingston County, State of Illinois.  From November 29, 2012 through January 17, 2013, and at

all times material, Plaintiff was a pretrial detainee, in Livingston County Jail, located in Livingston

County, Illinois.

**ANSWER:**   The Livingston County Defendants admit that from November 29, 2012 through
January 17, 2013, Plaintiff was a pretrial detainee at the Livingston County Jail,
located in Livingston County, Illinois.  Defendants have insufficient knowledge and
information to form a belief as to the truth of the remaining allegations contained
in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant, LIVINGSTON COUNTY, d/b/a LIVINGSTON COUNTY JAIL, is a unit of local government, organized under the laws of Illinois.

**ANSWER**:      The Livingston County Defendants admit that Livingston County is a unit of local government organized under the laws of the State of Illinois.  Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      The Sheriff of Livingston County, Illinois, is charged with operating the Livingston County Jail.  ALVIN G, LINDSEY is the current Sheriff of Livingston County, Illinois.

**ANSWER**:      The Livingston County Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      From November 29, 2012 through January 17, 2013, and at all times material, the following Defendants, OFFICER SHAWNEE L. BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON L. LAWRENCE, OFFICER MICHAEL L. ATKINSON, (referred to collectively as "Defendants 1s"), were working as Correctional Officers at the defendant county Livingston County Jail.  At all times material to this complaint, Defendants were acting under color of state law, ordinances and/or regulations.  Defendants are being sued individually.

**ANSWER**:      The Livingston County Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      From November 29, 2012 through January 17, 2013, and at all times material, the following defendants, SERGEANT SCOTT HARMON and SHERIFF MARTIN MEREDITH (referred to collectively as "Defendants 2"), were working at the defendant county Livingston County Jail as correctional officers in supervisory positions.  At all times material to this complaint, Defendants were acting under color of state law, ordinances and/or regulations.  Defendants, SERGEANT SCOTT T. HARMON and SHERIFF MARTIN MEREDITH, are being sued individually, and in their official supervisory capacities.

2

**ANSWER**:     The Livingston County Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint, except that Defendants deny that Sheriff Meredith was working as a correctional officer.

6.      From November 29, 2012 through January 17, 2013, and at all times material, Defendant, BILL COX, was the Superintendent for the Livingston County Jail.  At all times material to this complaint, Defendant was acting under color of state law, ordinances and/or regulations.  At all times material to this complaint, Defendant, BILL COX, is being sued in his official capacity.

**ANSWER**:     The Livingston County Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      From November 29, 2012 through January 17, 2013, and at all times material, Defendant, STUART INMAN, was the Assistant Superintendent for the Livingston County Jail. At all times material to this complaint, Defendant was acting under color of state law, ordinances and/or regulations.  At all times material to this complaint, Defendant, STUART INMAN, is being sued in his official capacity.

**ANSWER**:     The Livingston County Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      From November 29, 2012 through January 17, 2013, Defendant, Advanced Correctional Healthcare, Inc., was a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business in the City of Peoria, County of Peoria, State of Illinois.  Defendant Advanced Correctional Healthcare, Inc. provided physician and nursing services to inmates, including Plaintiff, at the defendant county jail, during the aforementioned period.

3

**ANSWER**:     The Livingston County Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      From November 29, 2012 through January 17, 2013, and at all times material,

Defendant, KAREN L. BUTLER, M.D., was an agent, employee and/or servant for Defendant,

Livingston County d/b/a Livingston County Jail.  At all times material to this complaint,

Defendant was acting under color of state law, ordinances and/or regulations.  At all times

material to this complaint, Defendant, KAREN BUTLER, M.D., is being sued in her official

capacity.

**ANSWER**:     The Livingston County Defendants deny that Defendant Butler was an agent, employee and/or servant for Defendant Livingston County.  Defendants have insufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     From November 29, 2012 through January 17, 2013, and at all times material,

Defendant, KAREN L. BUTLER M.D., was an apparent agent for Defendant, Livingston County

d/b/a Livingston County Jail.  At all times material to this complaint, Defendant was acting under

color of state law, ordinances and/or regulations.  At all times material to this complaint,

Defendant, KAREN BUTLER, M.D., is being sued in her official capacity.

**ANSWER**:     The Livingston County Defendants deny that Defendant Butler was an apparent agent for Defendant Livingston County.  Defendants have insufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     From November 29, 2012 through January 17, 2013, and at all times material,

Defendant, GREGORY L. RAKESTRAW, D.O., was an agent, employee and/or servant for

Defendant, Livingston County d/b/a Livingston County Jail.  At all times material to this

complaint, Defendant was acting under color of state law, ordinances and/or regulations.  At all

4

times material to this complaint, Defendant, GREGORY L. RAKESTRAW, D.O., is being sued in

his official capacity.

**ANSWER**:      The Livingston County Defendants deny that Defendant Rakestraw was an agent,
employee and/or servant for Defendant Livingston County.  Defendants have
insufficient knowledge and information to form a belief as to the truth of the
remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.      From November 29, 2012 through January 17, 2013, and at all times material,

Defendant, GREGORY L. RAKESTRAW, D.O., was an apparent agent for Defendant,

Livingston County d/b/a Livingston County Jail.  At all times material to this complaint,

Defendant was acting under color of state law, ordinances and/or regulations.  At all times

material to this complaint, Defendant, GREGORY L. RAKESTRAW, D.O., is being sued in his

official capacity.

**ANSWER**:      The Livingston County Defendants deny that Defendant Rakestraw was an
apparent agent for Defendant Livingston County.  Defendants have insufficient
knowledge and information to form a belief as to the truth of the remaining
allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.      From November 29, 2012 through January 17, 2013, and at all times material,

Defendant, JAMES PULLIAM, R.N., was an employee, agent and/or servant for defendant,

Livingston County d/b/a Livingston County Jail.  At all times material to this complaint,

Defendant was acting under color of state law, ordinances and/or  regulations.  At all times

material to this complaint, defendant, JAMES PULLIAM, R.N., is being sued individually, and in

his official supervisory capacity.

**ANSWER**:      The Livingston County Defendants deny that Defendant Pulliam was an agent,
employee and/or servant for Defendant Livingston County.  Defendants have
insufficient knowledge and information to form a belief as to the truth of the
remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

5

14.     From November 29, 2012 through January 17, 2013, and at all times material,

Defendant., JAMES PULLIAM, R.N., was an apparent agent for Defendant, Livingston County

d/b/a Livingston County Jail.  At all times material to this complaint, Defendant was acting under

color of state law, ordinances and/or regulations.  At all times material to this complaint,

Defendant, JAMES PULLIAM, R.N., is being sued individually, and in his official supervisory

capacity.

**ANSWER**:     The Livingston County Defendants deny that Defendant Pulliam was an apparent
                agent for Defendant Livingston County.  Defendants have insufficient knowledge
                and information to form a belief as to the truth of the remaining allegations
                contained in Paragraph 14 of Plaintiff's Complaint.

## FACTS

15.     When Plaintiff was 13-years-old, he was diagnosed with the genetic disease

neurofibromatosis, which causes tumors to grow on the spinal cord and requires medication.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
                form a belief as to the truth of the allegations contained in Paragraph 15 of
                Plaintiff's Complaint.

16.     On November 29, 2012, Plaintiff was arrested for alleged theft by the Livingston

County Sheriff Bradshaw and imprisoned at Livingston County.

**ANSWER**:     The Livingston County Defendants admit that Plaintiff was arrested for theft on
                November 29, 2012 and detained at the Livingston County Jail.  Defendants deny
                the remaining allegations contained in Paragraph 16.

17.     The intake officer at Livingston County Jail, Defendant Sergeant Scott Harmon,

marked on Plaintiffs "Intake Acceptance Questionnaire Fitness to Confine" sheet, dated

November 29, 2012, that Plaintiff had the "known medical problem" of neurofibromatosis.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 17
                of Plaintiff's Complaint.

18.     On November 29, 2012, Defendant Officer Michael Atkinson, completed

Plaintiff's medical screening report, which failed to mention both that Plaintiff's neurofibromatosis

and the medication used to treat it.

**ANSWER**:     The Livingston County Defendants admit that on November 29, 2012, Defendant
               Atkinson completed Plaintiff's medical screening report.  Defendants deny the
               remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     On December 2, 2012, Defendant Gregory Rakestraw, D.O., prescribed Plaintiff

medications, including Propanolol and Propylthiouracil, neither of which was used to treat

Plaintiff's neurofibromatosis.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
               form a belief as to the truth of the allegations contained in Paragraph 19 of
               Plaintiff's Complaint.

20.     On December 17, 2012, Defendant Officer Jason Lawrence observed Plaintiff limp

down the stairs and hallway and failed to help Plaintiff up after he fell down.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 20
               of Plaintiff's Complaint.

21.     Defendant Officer Lawrence failed to make a report of the incident described in

Paragraph 22.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 21
               of Plaintiff's Complaint.

22.     During his imprisonment, Defendant Officer Shawnee L. Brauman, failed to fill out

a sick call request for Plaintiff, despite the fact that Plaintiff requested one.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 22
               of Plaintiff's Complaint.

7

23.     On December 19, 2012, Plaintiff made a sick call request to Defendant, James

Pulliam, R.N., explaining that "my legs and feet have become so numb I have difficulty walking

and have been falling when trying to do simple things."

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
form a belief as to the truth of the allegations contained in Paragraph 23 of
Plaintiff's Complaint.

24.     Approximately three weeks after being imprisoned without any medication for his

neurofibromatosis, Plaintiff was seen by Defendant, James Pulliam, R.N.

**ANSWER**:     The Livingston County Defendants admit that Plaintiff was seen by Nurse Pulliam.
Defendants have insufficient knowledge and information to form a belief as to the
truth of the remaining allegations contained in Paragraph 24 of Plaintiff's
Complaint.

25.     Defendant James Pulliam's treatment plan for plaintiff was a "72 hour activity log"

and Plaintiff was not prescribed any medication for his neurofibromatosis,

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
form a belief as to the truth of the allegations contained in Paragraph 25 of
Plaintiff's Complaint.

26.     On December 26, 2012, Plaintiff made a second sick call request to Defendant

James Pulliam R.N. stating, "I still haven't seen the doctor and my legs are getting worse.  It's to

the point I cannot walk around without assistance."

**ANSWER**:     The Livingston County Defendants admit the allegations contained in Paragraph
26 of Plaintiff's Complaint.

27.     On December 27, 2012, Defendant James Pulliam R.N. had Plaintiff moved from a

second floor unit to a ground floor unit.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
form a belief as to the truth of the allegations contained in Paragraph 27 of
Plaintiff's Complaint.

8

28.     On January 3, 2013, Defendant James Pulliam R.N. and Defendant Karen Butler M.D. ordered blood tests, which are not used to diagnose, treat, or monitor Plaintiff's neurofibromatosis.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     On January 4, 2013, Plaintiff made a "grievance" stating he was "being denied my right to medical treatment for my condition neurofibromatosis.  From the first week of December, staff saw my falling and using others for assistance.  It wasn't until my mother made staff aware she's filing a lawsuit did the nurse give me a wheelchair . . . I have multiple tumors on my spine that have grown rapidly in the last month, I seriously require medical attention front a medical professional before the damage to spine is irreparable."

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     The grievance described above in paragraph 31 was received by the jail, but no officer signed it or answered it.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     On January 5, 2013, Plaintiff was given ibuprofen, which was signed off by Defendant Karen Butler, M.D., and Defendant Officer Shawnee Brauman.

**ANSWER**:     The Livingston County Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     As of January 5, 2013, Defendants still failed to give Plaintiff medication for his neurofibromatosis or send him to a neurosurgeon to receive appropriate medical treatment.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     On January 6, 2013, Plaintiff made a third sick call request to Defendant Sergeant Scott Harmon, who reported that Plaintiff advised him that "an increase in numbness and loss of use of legs.  Believes he has a tumor pressing on his spinal cord."

**ANSWER**:     The Livingston County Defendants admit that Plaintiff made a sick call request on January 6, 2012, to Sergeant Harmon who wrote that Plaintiff stated his problem was "Increase in numbness and loss of use of legs.  Believes he has a tumor pressing on his spinal cord."  Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     The January 6, 2013 sick call request went unanswered for five days.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     On January 11, 2013, Plaintiff was seen for the first time by Defendant Karen Butler, M.D., approximately six weeks after Plaintiff was imprisoned.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Plaintiff was informed by Defendant Karen Butler M.D. that a wheelchair would be accessible to him, but was encouraged to "work on exercises," but still received no medication or treatment for his neurofibromatosis.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     On January 11, 2013, Defendant Karen Butler M.D. ordered an x-ray of Plaintiff's

spine, which found no acute abnormalities.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Upon information and belief, an x-ray would not reveal the growth of any tumors

on Plaintiff's spine.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     On January 11, 2013, Defendant Karen Butler, M.D. stated in Plaintiff's "Medical

Progress Note," that she would refer Plaintiff to a neurologist.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     On January 12, 2013, Defendant Officer Brandi Vance received a grievance from

Plaintiff stating that he did not understand why he was being deprived of his wheelchair seeing

that his legs could no longer support his weight, his falls continued to occur and he required

assistance to walk.

**ANSWER**:     The Livingston County Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     On January 14, 2013, Defendant Officer Jason Lawrence answered the grievance

submitted by Plaintiff on January 12, 2013 and gave Plaintiff a wheelchair.

**ANSWER**:     The Livingston County Defendants admit that on January 14, 2013, Defendant Lawrence answered the grievance submitted by Plaintiff on January 12, 2013; and, stated that he had "Spoke[n] with detainee McGinley on January 14, 2013, and no longer wished to file a grievance because he was given his wheelchair back."

42.     On January 15, 2013, Defendant Karen Butler, M.D., after consulting with

Gregory Rakestraw, D.O., scheduled an appointment for Plaintiff with a neurologist, Dr. David,

for February 26, 2013, an appointment scheduled for four months after Plaintiff initially entered

the jail.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
                form a belief as to the truth of the allegations contained in Paragraph 42 of
                Plaintiff's Complaint.

43.     On or about January 17, 2013, Plaintiff was in so much pain and the tumors on his

shine had become so enlarged that he was transported from the defendant jail to OSF Saint

Francis Hospital, where he underwent T4-9 posterior fusion on January 19, 2013.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
                form a belief as to the truth of the allegations contained in Paragraph 43 of
                Plaintiff's Complaint.

44.     Plaintiff was hospitalized at OSF Saint Francis Medical Center from January 17,

2013 through February 14, 2013, where he was admitted into OSF Saint Francis Medical Center's

acute inpatient rehabilitation and was discharged on February 14, 2013.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
                form a belief as to the truth of the allegations contained in Paragraph 44 of
                Plaintiff's Complaint.

45.     To date, Plaintiff is paralyzed from the waist down and may never be able to walk

again, experiences permanent pain and suffering, and will need additional surgery as a result of his

neurofibromatosis going untreated at the Defendant jail.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 45
                of Plaintiff's Complaint.

46.     Plaintiff was independent in all activities of daily living and was ambulatory

without assistance prior to his incarceration at defendant jail on November 29, 2012.

**ANSWER**:     The Livingston County Defendants have insufficient knowledge and information to
form a belief as to the truth of the allegations contained in Paragraph 46 of
Plaintiff's Complaint.

47.     To date, Plaintiff is paralyzed, may never be able to walk again, experiences

permanent pain and suffering, and will need additional surgery.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 47
of Plaintiff's Complaint.

## COUNT I

## FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION AND TREATMENT IN VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHT'S (DEFENDANTS, OFFICER SHAWNEE L. BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON L. LAWRENCE, OFFICER MICHAEL L. ATKINSON and DEFENDANTS SERGEANT SCOTT T. HARMON and SHERIFF MARTIN MEREDITH)

1-47.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 47 as Paragraphs 1

through 47 of Count I as though fully set forth herein.

**ANSWER:**     Plaintiff adopts and re-alleges paragraphs 1 through 47 above as paragraphs 1
through 47 of Count I.  Therefore, the Livingston County Defendants adopt and
re-allege paragraphs 1 through 47 above as paragraphs 1 through 47 of Count I.

48.     Defendants failed to take Plaintiff to dispensary from November 29, 2012 through

his discharge on January 17, 2013 to obtain medication for his neurofibromatosis.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 48
of Plaintiff's Complaint.

49.     This failure occurred despite Defendants' knowledge of Plaintiff's complaints of

pain, failure to walk independently, multiple falls, his initial intake, which provided information

regarding his genetic disorder of neurofibromatosis, and Plaintiff's appearance which should have

13

made it obvious to Defendants that Plaintiff was in serious need of medical attention.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     The aforesaid conduct demonstrated deliberate indifference to Plaintiff's serious need for medical care and treatment, in violation of Plaintiff's right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants failed to take Plaintiff to see a medical professional until three weeks after Plaintiff's initial complaint of pain and request to see a nurse or physician, despite Plaintiff's complaints of pain, numbness, weakness, inability to walk, and Plaintiffs appearance which should have made it obvious to Defendants that Plaintiff was in serious need of medical attention.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     The aforesaid conduct demonstrated deliberate indifference to Plaintiffs serious need for medical care and treatment, in violation of Plaintiffs right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants ignored Plaintiff's "sick call requests" and "grievances" multiple times and did nothing to obtain further medical attention for Plaintiff, despite Plaintiffs complaints of pain, numbness, weakness, inability to walk, and Plaintiffs appearance which should have made it obvious to Defendants that Plaintiff was in serious need of medical attention.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 53
            of Plaintiff¢s Complaint.

     54.     The aforesaid conduct demonstrated deliberate indifference to Plaintiff¢s serious

need for medical care and treatment, in violation of Plaintiffs right to substantive due process

protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 54
            of Plaintiff¢s Complaint.

     55.     Defendants¢ did nothing to obtain further medical attention for Plaintiff after he

was told by Defendant nurse James Pulliam, R.N. that he would be observed for 72 hours and was

given no medication for his neurofibromatosis, despite Plaintiff¢s complaints of pain, numbness,

weakness, inability to walk, and Plaintiffs appearance which should have

made it obvious to Defendants that Plaintiff was in serious need of medical attention.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 55
            of Plaintiff¢s Complaint.

     56.     This aforesaid conduct demonstrated deliberate indifference to Plaintiff¢s serious

need for medical care and treatment, in violation of Plaintiffs right to substantive due process

protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER**:     The Livingston County Defendants deny the allegations contained in Paragraph 56
            of Plaintiff¢s Complaint.

     57.     Defendants did not take Plaintiff to a physician until approximately six weeks after

he was incarcerated despite Plaintiffs complaints of pain, numbness, weakness, inability to walk,

and Plaintiff¢s appearance which should have made it obvious to Defendants that Plaintiff was in

serious need of medical attention.

15

**ANSWER**:        The Livingston County Defendants deny the allegations contained in Paragraph 57
                   of Plaintiff's Complaint.

58.    This aforesaid conduct demonstrated deliberate indifference to Plaintiff's serious

need for medical care and treatment, in violation of Plaintiffs right to substantive due process

protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER**:        The Livingston County Defendants deny the allegations contained in Paragraph 58
                   of Plaintiff's Complaint.

59.    Defendants refused to give Plaintiff a permanent wheelchair despite the fact that he

could not walk, was consistently falling, made several requests to have one at all times,

complained of numbness and weakness, and Plaintiffs appearance which should have made it

obvious to Defendants that Plaintiff was in serious need of medical attention.

**ANSWER**:        The Livingston County Defendants deny the allegations contained in Paragraph 59
                   of Plaintiff's Complaint.

60.    This aforesaid conduct demonstrated deliberate indifference to Plaintiff's serious

need for medical care and treatment, in violation of Plaintiff's right to substantive due process

protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER**:        The Livingston County Defendants deny the allegations contained in Paragraph 60
                   of Plaintiff's Complaint.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained severe

and permanent injuries.

**ANSWER**:        The Livingston County Defendants deny the allegations contained in Paragraph 61
                   of Plaintiff's Complaint.

62.    By reason of said injuries, Plaintiff suffered and continues to suffer extreme and

unnecessary pain, suffering, disability, and disfigurement and distress.  Further, Plaintiff has lost

various gains and earnings he would otherwise have acquired but for the injuries sustained.

**ANSWER**: The Livingston County Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

WHEREFORE, Defendants OFFICER SHAWNEE BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON LAWRENCE, OFFICER MICHAEL ATKINSON and SERGEANT SCOTT HARMON deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT II

### FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION AND TREATMENT, IN VIOLATION OF PLAINTIFFS DUE PROCESS RIGHTS (DEFENDANT JAIL SUPERINTENDENT BILL COX)

The Livingston County Defendants do not address any claims or allegations contained in Count II because Count II is subject to a Motion to Dismiss.

## COUNT III

### FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION AND TREATMENT, IN VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS (DEFENDANT ASSISTANT JAIL SUPERINTENDENT STUART INMAN)

The Livingston County Defendants do not address any claims or allegations contained in Count III because Count III is subject to a Motion to Dismiss.

## COUNT IV

### FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION AND TREATMENT, IN VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS (JAMES PULLIAM R.N.)

The Livingston County Defendants do not address any claims or allegations contained in Count IV because Count IV is directed towards a different Defendant.

17

## COUNT V

### FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION AND TREATMENT, IN VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS (DEFENDANT DOCTOR KAREN BUTLER, M.D.)

The Livingston County Defendants do not address any claims or allegations contained in Count V because Count V is directed towards a different Defendant.

## COUNT VI

### FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION AND TREATMENT, IN VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS (DEFENDANT GREGORY L. RAKESTRAW, D.O.)

The Livingston County Defendants do not address any claims or allegations contained in Count VI because Count VI is directed towards a different Defendant.

## COUNT VII

### FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION AND TREATMENT, IN VIOLATION OF PLAINTIFFS DUE PROCESS RIGHTS (DEFENDANT ALVIN G. LINDSEY, IN HIS OFFICIAL CAPACITY AS SHERIFF OF LIVINGSTON COUNTY, ILLINOIS)

1-47.   Plaintiff re-alleges and adopts Paragraphs 1 through 47 of this Complaint, as Paragraphs 1 through 47 of Count VII as though fully set forth herein.

**ANSWER:**   Plaintiff adopts and re-alleges paragraphs 1 through 47 above as paragraphs 1 through 47 of Count VII.  Therefore, Defendant Lindsey adopt and re-allege paragraphs 1 through 47 above as paragraphs 1 through 47 of Count VII.

48.   The Sheriff of Livingston County, Illinois, is responsible for establishing and implementing policies, practices and procedures designed to assure that Plaintiff, as a pretrial detainee at Livingston County Jail, received adequate medical attention and treatment.

**ANSWER**:   Defendant Lindsey admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

18

49.     Defendant, ALVIN G. LINDSEY, IN HIS OFFICIAL CAPACITY AS SHERIFF OF LIVINGSTON COUNTY, ILLINOIS ("THE SHERIFF OF LIVINGSTON COUNTY"), as current Sheriff of Livingston County, is responsible for the establishment and implementation of policies, practices and procedures designed to assure that Plaintiff, as a pretrial detainee at Livingston County Jail, received adequate medical attention and treatment.

**ANSWER**:     Defendant Lindsey admits the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant's policy, practice and procedure were not designed to assure that Plaintiff, as a pretrial detainee at Livingston County Jail, received adequate medical attention and treatment.  Defendant adopted a policy, practice and procedure which he knew, or reasonably should have known, would be ineffective in delivering adequate medical attention and treatment for serious needs.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     The policy, practice and procedure of the defendant Livingston County Jail, as told to Plaintiff, required that a "sick call request" for medical care be given to an officer within the jail, before the pretrial detainee would be allowed to see a nurse and/or doctor.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     This practice does not allow for the need to see a nurse or doctor on an emergency basis.  This practice delays and denies an inmate from receiving medical attention, in that, the time in which the inmate will be seen for medical attention is dependent on whenever the requests are taken by officers, answered and submitted for medical review.

19

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 52 of Plaintiff's
                Complaint.

53.     The policy, practice and procedure implemented by Defendant, THE SHERIFF OF

LIVINGSTON COUNTY, and the other defendants did not assure that Plaintiff would receive

adequate medical attention.  Plaintiff was never given medication for his neurofibromatosis while

incarcerated, was forced to wait in excruciating pain for approximately three weeks before being

taken to see defendant nurse, PULLIAM, and approximately six weeks before seeing defendant

doctor, BUTLER.  By that time, Plaintiff's tumors on his spine had enlarged to the point that

Plaintiff became permanently paralyzed from the waist down.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 53 of Plaintiff's
                Complaint.

54.     The policy, practice and procedure implemented by Defendant, THE SHERIFF OF

LIVINGSTON COUNTY, and the other defendants caused a serious delay in providing Plaintiff

adequate and appropriate medical attention and a denial of medical care and treatment, thereby

endangering Plaintiff's health and well-being.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 54 of Plaintiff's
                Complaint.

55.     The policy, practice and procedure implemented by Defendant, THE SHERIFF OF

LIVINGSTON COUNTY, and the other defendants constituted a deliberate indifference to

Plaintiffs serious medical needs.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 55 of Plaintiff's
                Complaint.

56.     The policy, practice and procedure implemented by Defendant, THE SHERIFF OF

LIVINGSTON COUNTY, and the other defendants did not assure that Plaintiff would receive

adequate and appropriate medical attention, in that after defendant doctor was unable to appropriately treat and care for Plaintiffs neurofibromatosis, Plaintiff was not scheduled an appointment with a neurologist until February 26, 2013, was made to wait again for another week in excruciating pain to his back, before being be rushed to OSF Saint Francis Medical Center for emergency T4-9 posterior fusion surgery.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.    The policy, practice and procedure implemented by Defendant, THE SHERIFF OF LIVINGSTON COUNTY, and the other defendants caused a serious delay in providing Plaintiff with needed medical attention, and effectively denied Plaintiff that care and treatment when most needed, thereby endangering Plaintiff's physical, mental, and emotional health and well-being.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.    Defendant, THE SHERIFF OF LIVINGSTON COUNTY, was acting under color of law in implementing the above-described policy, practice, and procedure, concerning the provision of medical care and treatment to Plaintiff, for the LIVINGSTON COUNTY JAIL.

**ANSWER**:     Defendant Lindsey admits that the Sheriff of Livingston County was acting under color of law.  Defendant Lindsay denies the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.    Defendant THE SHERIFF OF LIVINGSTON COUNTY's above-described conduct violated Plaintiff's substantive right to due process under the Fourteenth Amendment to the United States Constitution, in that it denied Plaintiff adequate medical care and treatment.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained severe and permanent injuries.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     By reason of said injuries, Plaintiff suffered and continues to suffer extreme and unnecessary pain, suffering, disability, disfigurement, and distress.  Further, Plaintiff has lost various gains and earnings he would otherwise have acquired but for the injuries sustained.

**ANSWER**:     Defendant Lindsey denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

WHEREFORE, Defendants SHERIFF ALVIN LINDSEY, in his official capacity, denies that the Plaintiff is entitled to any judgment whatsoever against him and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT VIII

### STATE CLAIM FOR MEDICAL MALPRACTICE AGAINST LIVINGSTON COUNTY, D/B/A [LIVINGSTON COUNTY JAIL]

The Livingston County Defendants do not address any claims or allegations contained in Count VIII because Count VIII is subject to a Motion to Dismiss.

## COUNT IX

### STATE CLAIM FOR MEDICAL MALPRACTICE AGAINST KAREN BUTLER, M.D.

The Livingston County Defendants do not address any claims or allegations contained in Count IX because Count IX is directed towards a different Defendant.

## COUNT X

### STATE CLAIM FOR MEDICAL MALPRACTICE AGAINST
### GREGORY L. RAKESTRAW, D.O.

The Livingston County Defendants do not address any claims or allegations contained in

Count X because Count X is directed towards a different Defendant.

## COUNT XI

### STATE CLAIM FOR MEDICAL MALPRACTICE
### (ADVANCED CORRECTIONAL HEALTHCARE SERVICES, INC.)

The Livingston County Defendants do not address any claims or allegations contained in

Count XI because Count XI is directed towards a different Defendant.

### JURY DEMAND

The Livingston County Defendants demand a trial by jury.


**s/ Zrinka R. Davis**
ZRINKA R. DAVIS, Atty Bar No. 06287249
MICHAEL D. BERSANI, Atty Bar No. 06200897
Attorneys for the Livingston County Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone:  630-773-4774      Fax:  630-773-4851
zdavis@hcbattorneys.com
mbersani@hcbattorneys.com

23

## FIRST AFFIRMATIVE DEFENSE

NOW COME Defendants OFFICER SHAWNEE BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON LAWRENCE, OFFICER MICHAEL ATKINSON and SERGEANT SCOTT HARMON, by and through their attorney, MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Complaint state as follows:

Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and prays this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

**s/ Zrinka R. Davis**
ZRINKA R. DAVIS, Atty Bar No. 06287249
MICHAEL D. BERSANI, Atty Bar No. 06200897
Attorneys for the Livingston County Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone:  630-773-4774        Fax:  630-773-4851
zdavis@hcbattorneys.com
mbersani@hcbattorneys.com

## SECOND AFFIRMATIVE DEFENSE

NOW COME Defendants SHERIFF ALVIN LINDSEY, OFFICER SHAWNEE BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON LAWRENCE, OFFICER MICHAEL ATKINSON and SERGEANT SCOTT HARMON, by and through their attorney, MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Complaint state as follows:

Defendants are not liable to Plaintiff because Plaintiff did not file or submit a grievance regarding the alleged incidents and jail conditions pursuant to the procedures outlined in the Livingston County Jail Inmate Handbook prior to filing suit and, therefore, did not exhaust his administrative remedies, as required under § 1997 of the Prisoner Litigation Reform Act (42 U.S.C. § 1997).

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and prays this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

<div style="margin-left:auto;width:60%">

s/ Zrinka R. Davis
ZRINKA R. DAVIS, Atty Bar No. 06287249
MICHAEL D. BERSANI, Atty Bar No. 06200897
Attorneys for the Livingston County Defendants
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone:  630-773-4774        Fax:  630-773-4851
zdavis@hcbattorneys.com
mbersani@hcbattorneys.com

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| MATTHEW MCGINLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 CV 1586 |
| vs. | ) | |
| | ) | Judge James E. Shadid |
| LIVINGSTON COUNTY, et al. | ) | Magistrate Judge John A. Gorman |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2014, I electronically filed the foregoing **Livingston County Defendants' Answer & Affirmative Defenses to Plaintiff's Complaint at Law** with the Clerk of the U.S. District Court for the Central District of Illinois, Peoria Division, using the CM/ECF system, which will send notification to the CM/ECF participants:

**TO:**  Mr. Peter Jennetten, Quinn, Johnston, Henderson & Pretorius, 227 N. E. Jefferson Avenue, Peoria, Illinois 61602.

Mr. Stephan Blandin, Mr. Michael Holden, Romanucci & Blandin, LLC, 321 N. Clark Street, Ste. 900, Chicago, Illinois 60654.

> **s/ Zrinka R. Davis**
> ZRINKA R. DAVIS, Atty Bar No. 06287249
> MICHAEL D. BERSANI, Atty Bar No. 06200897
> Attorneys for the Livingston County Defendants
> HERVAS, CONDON & BERSANI, P.C.
> 333 Pierce Road, Suite 195
> Itasca, Illinois 60143-3156
> Phone:  630-773-4774        Fax:  630-773-4851
> zdavis@hcbattorneys.com
> mbersani@hcbattorneys.com

26