IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MATTHEW McGINLEY,<br><br>Plaintiff,<br><br>vs.<br><br>LIVINGSTON COUNTY, ILLINOIS, a municipal corporation, SHERIFF ALVIN G. LINDSEY, in his official capacity as Sheriff of Livingston County, Illinois; OFFICER SHAWNEE L. BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON L. LAWRENCE, OFFICER MICHAEL L. ATKINSON, SERGEANT SCOTT T. HARMON, SHERIFF MARTIN MEREDITH, JAIL SUPERINTENDENT BILL COX, ASSISTANT JAIL SUPERINTENDENT STUART INMAN, JAMES PULLIAM, R.N., KAREN BUTLER, M.D., GREGORY L. RAKESTRAW, D.O., and ADVANCED CORRECTIONAL HEALTHCARE, INC.,<br><br>Defendants. | Case No. 13-cv-1586 |

## PULLIAM'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT IV

NOW COMES Defendant, JAMES PULLIAM, R.N., by his attorneys, QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO, and for his Answer and Affirmative Defenses to Count IV of Plaintiff's Complaint, states:

### PARTIES

1. On information and belief, Defendant admits the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits the allegations of paragraph 3.

4. Defendant admits that Officers Brauman, Vance, Lawrence, and Atkinson were employed as correctional officers at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 4.

5. Defendant admits that Harmon and Meredith were employed by the Sheriff's Department and working at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5.

6. Defendant admits that Cox was employed by the Sheriff's Department and working at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 6.

7. Defendant admits that Inman was employed by the Sheriff's Department and working at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Defendant denies that Dr. Butler was acting under color of state law and that she is being sued in any "official capacity," but Defendant admits the remaining allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies that Dr. Rakestraw was acting under color of state law and that he is being sued in any "official capacity," but Defendant admits the remaining allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies that Nurse Pulliam was acting under color of state law and that he is being sued in any "official capacity," but Defendant admits the remaining allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

## FACTS

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 15 and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 16 and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 17 and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 18 and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 19 and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 20 and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 21 and therefore denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 22 and therefore denies the same.

23. Defendant admits that a sick call request dated December 19, 2012 was completed and includes the statement quoted, but Defendant denies the remaining allegations of paragraph 23.

24. Defendant admits that Plaintiff was seen by Nurse Pulliam, but Defendant denies the remaining allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that a sick call request dated December 26, 2012 was completed and includes the statement quoted, but Defendant denies the remaining allegations of paragraph 26.

27. Defendant admits the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant admits that there was a "grievance" which includes, in part, the statement quoted, but Defendant denies that the statements in the grievance are true and denies the remaining allegations of paragraph 29.

30. Assuming that this paragraph was intended to refer to the grievance described in Paragraph 29, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 30 and therefore denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 31 and therefore denies the same.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies that it was six weeks, but admits the remaining allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 38 and therefore denies the same.

39. Defendant denies the allegations of paragraph 39.

40. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 40 and therefore denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 41 and therefore denies the same.

42. Defendant admits that, on January 15, 2013, an appointment was scheduled for Plaintiff to see a neurologist, Dr. David, on February 26, 2013. Defendant denies the remaining allegations of paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 43 and therefore denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 44 and therefore denies the same.

45. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 45 and therefore denies the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 46 and therefore denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 47 and therefore denies the same.

## COUNT I

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 62 of Count I.

## COUNT II

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 63 of Count II.

## COUNT III

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 60 of Count III.

## COUNT IV

1.-47.   Defendant incorporates his answers to paragraphs 1 through 47 as if set forth fully herein.

48. Defendant admits that he was a nurse working at the Livingston County Jail, but Defendant denies the remaining allegations of paragraph 48.

49. Defendant admits that he was a nurse working at the Livingston County Jail, but Defendant denies the remaining allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant admits that a sick call request was completed dated December 26, 2012 and that, on December 27, 2012, Plaintiff was moved from a second floor cell to a ground floor cell. Defendant denies the remaining allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Count IV of Plaintiff's Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT V

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 55 of Count V.

## COUNT VI

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 61 of Count VI.

## COUNT VII

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 61 of Count VII.

## COUNT VIII

As this count is not directed towards Defendant, James Pulliam, R.N.. Defendant neither admits nor denies the allegations of paragraphs 48 through 53 of Count VIII.

## COUNT IX

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 54 of Count IX.

## COUNT X

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 54 of Count X.

## COUNT XI

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 54 of Count XI.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Qualified Immunity

1. At the time and place alleged in Plaintiff's Complaint, the law was not clearly established such that Defendant Pulliam would have known that his actions were unlawful in violation of Plaintiff's constitutional rights. Defendant is therefore entitled to qualified immunity.

2. This affirmative defense is asserted in the alternative to the denials set forth above.

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Count IV of Plaintiff's Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

**Second Affirmative Defense – Good Faith Immunity**

1.  In the alternative to the denials and affirmative defense set forth above, Defendant Pulliam is entitled to immunity, as his actions were at all times made in good faith. *See*, *Richardson v. McKnight*, 521 U.S. 399, 413-414 (1997) (discussing whether the court might recognize a good faith defense for private actors if they were not entitled to qualified immunity).

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Count IV of Plaintiff's Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

JAMES PULLIAM, R.N., Defendant

By: _____*s/Peter R. Jennetten*_____
Peter R. Jennetten
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

Peter R. Jennetten (Illinois Bar No. 6237377)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
Email: pjennetten@qjhpc.com
I:\1\Civil\McGinley v. ACH 101 351 191\mcginley answer afd pulliam.docx

## CERTIFICATE OF SERVICE

I hereby certify that on **February 18, 2014**, I electronically filed **PULLIAM'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT IV** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Michael D. Bersani                            **Attorneys for Livingston County Defendants**
    Zrinka R. Davis
    Hervas, Condon & Bersani, P.C.
    333 Pierce Road
    Suite 195
    Itasca, IL  60143
    Telephone:  (630) 860-4343 (Bersani)
    Telephone:  (630) 860-4349 (Davis)
    Facsimile:  (630) 773-4851
    Email:  mbersani@hcbattorneys.com
    Email:  zdavis@hcbattorneys.com

And I hereby certify that on **February 18, 2014**, I mailed a copy of this document by United States Postal Service to the following non-registered participants:

    Stephan D. Blandin                            **Attorneys for Plaintiff**
    Michael Holden
    Romanucci & Blandin, LLC
    321 N. Clark St.
    Suite 900
    Chicago, IL  60654
    Telephone:  (312) 458-1000
    Facsimile:  (312) 458-1004

                        *s/Peter R. Jennetten*
                        Peter R. Jennetten (Illinois Bar No. 6237377)
                        QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
                        227 N.E. Jefferson Ave.
                        Peoria, IL  61602-1211
                        Telephone:  (309) 674-1133
                        Facsimile:  (309) 674-6503
                        Email: pjennetten@qjhpc.com