IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MATTHEW McGINLEY,<br><br>      Plaintiff,<br><br>vs.<br><br>LIVINGSTON COUNTY, ILLINOIS, a municipal corporation, SHERIFF ALVIN G. LINDSEY, in his official capacity as Sheriff of Livingston County, Illinois; OFFICER SHAWNEE L. BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON L. LAWRENCE, OFFICER MICHAEL L. ATKINSON, SERGEANT SCOTT T. HARMON, SHERIFF MARTIN MEREDITH, JAIL SUPERINTENDENT BILL COX, ASSISTANT JAIL SUPERINTENDENT STUART INMAN, JAMES PULLIAM, R.N., KAREN BUTLER, M.D., GREGORY L. RAKESTRAW, D.O., and ADVANCED CORRECTIONAL HEALTHCARE, INC.,<br><br>      Defendants. | Case No. 13-cv-1586 |

## ANSWER TO COUNTS IV and V OF SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES TO COUNT IV

NOW COMES Defendant, JAMES PULLIAM, R.N, by his attorneys, QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO, and for his Answers to Counts IV and V of Plaintiff's Second Amended Complaint and Affirmative Defenses to Count IV, states:

## NATURE OF COMPLAINT

1. On information and belief, Defendant admits the allegations of paragraph 1.

## JURISDICTION

2. Defendant admits the allegations of paragraph 2.

## PARTIES

3. On information and belief, Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant admits that Officers Brauman, Vance, Lawrence, and Atkinson were employed as correctional officers at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7.

8. Defendant admits that Sergeant Harmon was employed by the Sheriff's Department and working at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant admits the allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 12.

13. Defendant admits the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

## FACTS

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 15 and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 16 and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 17 and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 18 and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 19 and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 20 and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 21 and therefore denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 22 and therefore denies the same.

23. Defendant admits that a sick call request dated December 19, 2012 was completed and includes the statement quoted, but Defendant denies that the statement is true and denies the remaining allegations of paragraph 23.

24. Defendant admits that Plaintiff was seen by Nurse Pulliam, but Defendant denies the remaining allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that a sick call request dated December 26, 2012 was completed and includes the statement quoted, but Defendant denies that the statement is true and denies the remaining allegations of paragraph 26.

27. Defendant admits the allegations of paragraph 27.

28. Defendant admits that blood tests were ordered by Dr. Butler, but denies the remaining allegations of paragraph 28.

29. Defendant admits that there was a "grievance" which includes, in part, the statement quoted, but Defendant denies that the statements in the grievance are true and denies the remaining allegations of paragraph 29.

30. Assuming that this paragraph was intended to refer to the grievance described in Paragraph 29, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 30 and therefore denies the same.

31. Defendant admits the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies that it was six weeks, but admits the remaining allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 40 and therefore denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 41 and therefore denies the same.

42. Defendant admits that, on January 15, 2013, an appointment was scheduled for Plaintiff to see a neurologist, Dr. David, on February 26, 2013. Defendant denies the remaining allegations of paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 43 and therefore denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 44 and therefore denies the same.

45. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 45 and therefore denies the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 46 and therefore denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 47 and therefore denies the same.

## COUNT I

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 61 of Count I.

## COUNT II

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraph 48 of Count II.

## COUNT III

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 62 of Count III.

## COUNT IV

1.-47.   Defendant incorporates his answers to paragraphs 1 through 47 as if set forth fully herein.

48.   Defendant admits that he was a nurse working at the Livingston County Jail, but Defendant denies the remaining allegations of paragraph 48.

49.   Defendant denies the allegations of paragraph 49.

50. Defendant admits that a sick call request was completed dated December 26, 2012 and that Plaintiff was moved from a second floor unit to a ground floor unit. Defendant denies the remaining allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Count IV of Plaintiff's Second Amended Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT V

1.-47. Defendant incorporates his answers to paragraphs 1 through 47 as if set forth fully herein.

48. Defendant admits the allegations of paragraph 48.

49. Defendant admits that Plaintiff was a pretrial detainee at the Livingston County Jail, but denies the remaining allegations of paragraph 49.

50. Defendant admits that Plaintiff was a patient of Nurse Pulliam while at the Livingston County Jail, but denies the remaining allegations of paragraph 50.

51. Defendant admits the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52 and specifically denies each and every allegation of subparagraphs (a) through (h).

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Count V of Plaintiff's Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT VI

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 55 through 61 of Count VI.

## COUNT VII

As this count is not directed towards Defendant, James Pulliam, R.N., Defendant neither admits nor denies the allegations of paragraphs 48 through 55 of Count VII.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Qualified Immunity

1. At the time and place alleged in Plaintiff's Second Amended Complaint, the law was not clearly established such that Defendant Pulliam would have known that his actions were unlawful in violation of Plaintiff's constitutional rights. Defendant is therefore entitled to qualified immunity for the allegations in Count IV of Plaintiff's Second Amended Complaint.

2. This affirmative defense is asserted in the alternative to the denials set forth above.

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Counts IV of Plaintiff's Second Amended Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

### Second Affirmative Defense – Good Faith Immunity

1. In the alternative to the denials and affirmative defense set forth above, Defendant Pulliam is entitled to immunity, as his actions were at all times made in good faith. *See*, *Richardson v. McKnight*, 521 U.S. 399, 413-414 (1997) (discussing whether the court might recognize a good faith defense for private actors if they were not entitled to qualified immunity).

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Counts IV of Plaintiff's Second Amended Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

WHEREFORE, Defendant, JAMES PULLIAM, R.N., prays that this Court enter judgment in bar of Counts IV and V of Plaintiff's Second Amended Complaint, that Defendant have his attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

        JAMES PULLIAM, R.N., Defendant

        By: _____*s/Peter R. Jennetten*_____
            Peter R. Jennetten
        QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

Peter R. Jennetten (Illinois Bar No. 6237377)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
Email: pjennetten@qjhpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on **December 22, 2014**, I electronically filed this **ANSWER TO COUNTS IV and V of PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES TO COUNT IV** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Stephan D. Blandin   **Attorneys for Plaintiff**
Michael E. Holden
Romanucci & Blandin, LLC
321 N. Clark St.
Suite 900
Chicago, IL  60654
Telephone:  (312) 458-1000
Facsimile:  (312) 458-1004
Email:  mholden@rblaw.net

Michael D. Bersani   **Attorneys for Livingston County Defendants**
Zrinka R. Davis
Hervas, Condon & Bersani, P.C.
333 Pierce Road
Suite 195
Itasca, IL  60143
Telephone:  (630) 860-4343 (Bersani)
Telephone:  (630) 860-4349 (Davis)
Facsimile:  (630) 773-4851
Email:  mbersani@hcbattorneys.com
Email:  zdavis@hcbattorneys.com

*s/Peter R. Jennetten*
Peter R. Jennetten (Illinois Bar No. 6237377)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
Email: pjennetten@qjhpc.com