IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MATTHEW McGINLEY,<br><br>Plaintiff,<br><br>vs.<br><br>LIVINGSTON COUNTY, ILLINOIS, a municipal corporation, SHERIFF ALVIN G. LINDSEY, in his official capacity as Sheriff of Livingston County, Illinois; OFFICER SHAWNEE L. BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON L. LAWRENCE, OFFICER MICHAEL L. ATKINSON, SERGEANT SCOTT T. HARMON, SHERIFF MARTIN MEREDITH, JAIL SUPERINTENDENT BILL COX, ASSISTANT JAIL SUPERINTENDENT STUART INMAN, JAMES PULLIAM, R.N., KAREN BUTLER, M.D., GREGORY L. RAKESTRAW, D.O., and ADVANCED CORRECTIONAL HEALTHCARE, INC.,<br><br>Defendants. | Case No. 13-cv-1586 |

**ANSWER TO COUNT VI OF SECOND AMENDED COMPLAINT**

NOW COMES Defendant, KAREN BUTLER, M.D., by her attorneys, QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO, and for her Answer to Count VI of Plaintiff's Second Amended Complaint, states:

**NATURE OF COMPLAINT**

1. On information and belief, Defendant admits the allegations of paragraph 1.

## JURISDICTION

2. Defendant admits the allegations of paragraph 2.

## PARTIES

3. On information and belief, Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant admits that Officers Brauman, Vance, Lawrence, and Atkinson were employed as correctional officers at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7.

8. Defendant admits that Sergeant Harmon was employed by the Sheriff's Department and working at the Livingston County Jail. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant admits the allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 12.

13. Defendant admits the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

## FACTS

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 15 and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 16 and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 17 and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 18 and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 19 and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 20 and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 21 and therefore denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 22 and therefore denies the same.

23. Defendant admits that a sick call request dated December 19, 2012 was completed and includes the statement quoted, but Defendant denies that the statement is true and denies the remaining allegations of paragraph 23.

24. Defendant admits that Plaintiff was seen by Nurse Pulliam, but Defendant denies the remaining allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that a sick call request dated December 26, 2012 was completed and includes the statement quoted, but Defendant denies that the statement is true and denies the remaining allegations of paragraph 26.

27. Defendant admits the allegations of paragraph 27.

28. Defendant admits that she ordered blood tests but denies the remaining allegations of paragraph 28.

29. Defendant admits that there was a "grievance" which includes, in part, the statement quoted, but Defendant denies that the statements in the grievance are true and denies the remaining allegations of paragraph 29.

30. Assuming that this paragraph was intended to refer to the grievance described in Paragraph 29, Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 30 and therefore denies the same.

31. Defendant admits the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies that it was six weeks, but admits the remaining allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 40 and therefore denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 41 and therefore denies the same.

42. Defendant admits that, on January 15, 2013, an appointment was scheduled for Plaintiff to see a neurologist, Dr. David, on February 26, 2013. Defendant denies the remaining allegations of paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 43 and therefore denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 44 and therefore denies the same.

45. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 45 and therefore denies the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 46 and therefore denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 47 and therefore denies the same.

## COUNT I

As this count is not directed towards Defendant, Karen Butler, M.D., Defendant neither admits nor denies the allegations of paragraphs 48 through 61 of Count I.

## COUNT II

As this count is not directed towards Defendant, Karen Butler, M.D., Defendant neither admits nor denies the allegations of paragraph 48 of Count II.

## COUNT III

As this count is not directed towards Defendant, Karen Butler, M.D., Defendant neither admits nor denies the allegations of paragraphs 48 through 62 of Count III.

## COUNT IV

As this count is not directed towards Defendant, Karen Butler, M.D., Defendant neither admits nor denies the allegations of paragraphs 48 through 55 of Count IV.

## COUNT V

As this count is not directed towards Defendant, Karen Butler, M.D., Defendant neither admits nor denies the allegations of paragraphs 48 through 54 of Count V.

## COUNT VI

1.-48.  Defendant incorporates her answers to paragraphs 1 through 47 as if set forth fully herein. Plaintiff only references allegations in paragraphs 1 through 47 under this paragraph even though it is labeled "1-48." Count VI does contain paragraphs 48 through 54 and Defendant is therefore not required to furnish responses to same.

55. Defendant admits the allegations of paragraph 55.

56. Defendant admits that Plaintiff was a pretrial detainee at the Livingston County Jail, but denies the remaining allegations of paragraph 56.

57. Defendant admits that Plaintiff was a patient of Dr. Butler while at the Livingston County Jail, but denies the remaining allegations of paragraph 57.

58. Defendant admits the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59 and specifically denies each and every allegation of subparagraphs (a) through (h).

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

WHEREFORE, Defendant, KAREN BUTLER, M.D., prays that this Court enter judgment in bar of Count VI of Plaintiff's Second Amended Complaint, that Defendant have her attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT VII

As this count is not directed towards Defendant, Karen Butler, M.D., Defendant neither admits nor denies the allegations of paragraphs 48 through 55 of Count VII.

WHEREFORE, Defendant, KAREN BUTLER, M.D., prays that this Court enter judgment in bar of Count VI of Plaintiff's Second Amended Complaint, that Defendant have her attorneys' fees and costs at Plaintiff's expense, and for such other and further relief as the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

KAREN BUTLER, M.D., Defendant


By: _____*s/Peter R. Jennetten*_____
　　　　　　Peter R. Jennetten
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO


Peter R. Jennetten (Illinois Bar No. 6237377)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
Email: pjennetten@qjhpc.com
I:\1\Civil\McGinley v. ACH 101 351 191\mcginley answer butler 2nd amended complaint.docx

**CERTIFICATE OF SERVICE**

I hereby certify that on Decemeber 22, 2014, I electronically filed this **ANSWER TO COUNT VI OF PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Stephan D. Blandin | **Attorneys for Plaintiff** |
| Michael E. Holden | |
| Romanucci & Blandin, LLC | |
| 321 N. Clark St. | |
| Suite 900 | |
| Chicago, IL  60654 | |
| Telephone:  (312) 458-1000 | |
| Facsimile:  (312) 458-1004 | |
| Email:  mholden@rblaw.net | |
| | |
| Michael D. Bersani | **Attorneys for Livingston County Defendants** |
| Zrinka R. Davis | |
| Hervas, Condon & Bersani, P.C. | |
| 333 Pierce Road | |
| Suite 195 | |
| Itasca, IL  60143 | |
| Telephone:  (630) 860-4343 (Bersani) | |
| Telephone:  (630) 860-4349 (Davis) | |
| Facsimile:  (630) 773-4851 | |
| Email:  mbersani@hcbattorneys.com | |
| Email:  zdavis@hcbattorneys.com | |

*s/Peter R. Jennetten*
Peter R. Jennetten (Illinois Bar No. 6237377)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
Email: pjennetten@qjhpc.com