## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MATTHEW MCGINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 CV 1586 |
| | ) | |
| SHERIFF ALVIN G. LINDSEY, LIVINGSTON | ) | Honorable Judge James E. Shadid |
| COUNTY ILLINOIS, OFFICER SHAWNEE L. | ) | Magistrate Judge Jonathan E. Hawley |
| BRAUMAN, OFFICER BRANDI VANCE, | ) | |
| OFFICER JASON L. LAWRENCE, OFFICER | ) | |
| MICHAEL L. ATKINSON, SERGEANT SCOTT | ) | |
| T. HARMON, JAMES PULLIAM, R.N. KAREN | ) | **JURY DEMAND** |
| BUTLER, M.D., and ADVANCED | ) | |
| CORRECTIONAL HEALTHCARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## LIVINGSTON COUNTY DEFENDANTS' ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME Defendants LIVINGSTON COUNTY, ALVIN LINDSEY, SHAWNEE BRAUMAN, BRANDI VANCE, JASON LAWRENCE, MICHAEL ATKINSON and SCOTT HARMON ("Livingston County Defendants"), by and through their attorneys, MICHAEL D. BERSANI and ZRINKA R. DAVIS of HERVAS, CONDON & BERSANI, P.C., and, for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, state as follows:

## NATURE OF COMPLAINT

1.     This is a civil action arising under 42 U.S.C.A. § 1983.  Plaintiff alleges a violation of substantive due process under the Fourteenth Amendment to the United States Constitution, in that he was denied medical care and treatment in deliberate indifference to a serious medical need. Plaintiff makes demand for jury trial.

**ANSWER:**     The Livingston County Defendants admit that this is a civil action brought under

42 U.S.C. § 1983, alleging a violation of substantive due process under the Fourteenth Amendment to the United States Constitution and demanding a jury trial.  Defendants deny any such violation and further deny the remaining allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343. Plaintiff further invokes the Court's supplementary jurisdiction under 28 U.S.C.A. § 1367, for his pendent State claims.

**ANSWER:**    The Livingston County Defendants admit that jurisdiction is proper.

## PARTIES

3.      Plaintiff, Matthew McGinley is a citizen of the United States, and a resident of Livingston County, Illinois. From November 29, 2012 through January 17, 2013, and at all times material, plaintiff was a pretrial detainee, in Livingston County Jail, located in Livingston County, Illinois.

**ANSWER:**    The Livingston County Defendants admit that from November 29, 2012, through January 17, 2013, Plaintiff was a pretrial detainee at the Livingston County Jail located in Livingston County, Illinois. Defendants have insufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint.

4.      Defendant, ALVIN G. LINDSEY, is the current Sheriff of Livingston County, Illinois. The Sheriff of Livingston County, Illinois, is charged with operating the Livingston County Jail.

**ANSWER:**    The Livingston County Defendants admit that the Sheriff of Livingston County is charged with operating the Livingston County Jail.  Defendants deny that Alvin Lindsey is the current Sheriff of Livingston County.

2

5.      Defendant, LIVINGSTON COUNTY, is a unit of local government, organized under the laws of Illinois.

**ANSWER:**      The Livingston County Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint.

6.      Defendant, LIVINGSTON COUNTY, is named as an indispensable party due to its obligation to indemnify Defendant, ALVIN G. LINDSEY, pursuant to 55 ILCS 5/5-1002 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003).

**ANSWER:**      The Livingston County Defendants admit that Livingston County is named as a necessary party pursuant to said statute and case.

7.      From November 29, 2012 through January 17, 2013, and at all times material, Defendants, OFFICER SHAWNEE L. BRAUMAN, OFFICER BRANDI VANCE, OFFICER JASON L. LAWRENCE, OFFICER MICHAEL L. ATKINSON, (referred to collectively as "Defendants 1"), were working as Correctional Officers at the Livingston County Jail.  At all times material to this complaint, defendants were acting under color of state law, ordinances and or regulations.

**ANSWER:**      The Livingston County Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8.      From November 29, 2012 through January 17, 2013, and at all times material, Defendant, SERGEANT SCOTT T. HARMON (hereinafter referred to as "HARMON"), was working at Livingston County Jail as a correctional officer in a supervisory position. At all times material to this complaint, Defendant, HARMON, was acting under color of state law, ordinances and or regulations.

**ANSWER:**      The Livingston County Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

3

9.      From November 29, 2012 through January 17, 2013, Defendant, ADVANCED CORRECTIONAL HEALTHCARE, INC. (hereinafter "ACH"), was a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business in the City of Peoria, County of Peoria, State of Illinois. Defendant, ACH, provided physician and nursing services to inmates, including Plaintiff, at Livingston County Jail, during the aforementioned period.

**ANSWER:**      The Livingston County Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

10.      From November 29, 2012 through January 17, 2013, and at all times material, Defendant, KAREN L. BUTLER M.D. (hereinafter "BUTLER, M.D."), was an actual agent, employee and/or servant for Defendant, ACH.

**ANSWER:**      The Livingston County Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

11.      From November 29, 2012 through January 17, 2013, and at all times material, Defendant, BUTLER M.D., was an apparent agent for Defendant, ACH.

**ANSWER:**      The Livingston County Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.      From November 29, 2012 through January 17, 2013, and at all times material, Defendant, JAMES PULLIAM, R.N. (hereinafter "PULLIAM, R.N."), was an actual employee, agent and/or servant for Defendant, ACH.

**ANSWER:**      The Livingston County Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.      From November 29, 2012 through January 17, 2013, and at all times material, Defendant, PULLIAM, R.N., was an apparent agent for Defendant, ACH.

4

**ANSWER:**    The Livingston County Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.    From November 29, 2012 through January 17, 2013, Plaintiff, MCGINLEY,

relied upon Defendant, ACH, to provide medical personnel, including Defendants, BUTLER,

M.D. and PULLIAM, R.N., in treating his medical conditions and complaints.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

## FACTS

15.    When plaintiff was 13-years-old, he was diagnosed with the genetic disease

neurofibromatosis, which causes tumors to grow on the spinal cord and requires medication.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.    On November 29, 2012, Plaintiff was arrested for alleged theft by the Livingston

County Sheriff Bradshaw and detained at Livingston County Jail.

**ANSWER:**    The Livingston County Defendants admit that Plaintiff was arrested for theft on November 29, 2012, and detained at the Livingston County Jail.  Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.    The intake officer at Livingston County Jail, Defendant Sergeant Scott Harmon,

marked on Plaintiff's "Intake Acceptance Questionnaire Fitness to Confine" sheet, dated

November 29, 2012, that Plaintiff had the "known medical problem" of neurofibromatosis.

**ANSWER:**    The Livingston County Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18.     On November 29, 2012, Defendant Officer Michael Atkinson, completed

Plaintiff's medical screening report, which failed to mention both the Plaintiff's

neurofibromatosis and the medication used to treat it.

**ANSWER:**     The Livingston County Defendants admit that on November 29, 2012, Defendant Atkinson completed Plaintiff's medical screening report.  Defendants deny the remaining allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     On December 2, 2012, Gregory Rakestraw, D.O. prescribed to Plaintiff

medications including Propanolol and Propylthiouracil, neither of which was used to treat

Plaintiff's neurofibromatosis.

**ANSWER:**     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     On December 17, 2012, defendant Officer Jason Lawrence observed Plaintiff limp

down the stairs and hallway and failed to help Plaintiff up after he fell down.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     Defendant Officer Lawrence failed to make a report of the incident described in

paragraph 20.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     During his imprisonment, defendant Officer Shawnee L. Brauman, failed to fill

out a sick call request for Plaintiff, despite the fact that Plaintiff requested one.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.     On December 19, 2012, Plaintiff made a sick call request to defendant, James

Pulliam R.N., explaining that "my legs and feet have become so numb I have difficulty walking

and have been falling when trying to do simple things."

**ANSWER:**     The Livingston County Defendants have insufficient knowledge and information
to form a belief as to the truth of the allegations contained in Paragraph 23 of
Plaintiff's Second Amended Complaint.

24.     Approximately three weeks after being imprisoned without any medication for his

neurofibromatosis, Plaintiff was seen by defendant, James Pulliam, R.N.

**ANSWER:**     The Livingston County Defendants admit that Plaintiff was seen by Nurse
Pulliam.  Defendants have insufficient knowledge and information to form a
belief as to the truth of the remaining allegations contained in Paragraph 24 of
Plaintiff's Second Amended Complaint.

25.     Defendant James Pulliam R.N.'s treatment plan for Plaintiff was a "72 hour

activity log" and Plaintiff was not prescribed any medication for his neurofibromatosis.

**ANSWER:**     The Livingston County Defendants have insufficient knowledge and information
to form a belief as to the truth of the allegations contained in Paragraph 25 of
Plaintiff's Second Amended Complaint.

26.     On December 26, 2012, Plaintiff made a second sick call request to defendant

James Pulliam R.N. stating, "I still haven't seen the doctor and my legs are getting worse. It's to

the point I cannot walk around without assistance."

**ANSWER:**     The Livingston County Defendants admit the allegations contained in Paragraph
26 of Plaintiff's Second Amended Complaint.

27.     On December 27, 2012, Defendant James Pulliam R.N. had Plaintiff moved from

a second floor unit to a ground floor unit.

**ANSWER:**     The Livingston County Defendants have insufficient knowledge and information
to form a belief as to the truth of the allegations contained in Paragraph 27 of
Plaintiff's Second Amended Complaint.

28.     On January 3, 2013, Defendant James Pulliam R.N. and Defendant Karen Butler M.D. ordered blood tests, which are not used to diagnose, treat, or monitor Plaintiff's neurofibromatosis[.]

**ANSWER:**     The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29.     On January 4, 2013, Plaintiff made a "grievance" stating he was "being denied my right to medical treatment for my condition neurofibromatosis. From the first week of December, staff saw my falling and using others for assistance. It wasn't until my mother made staff aware she's filing a lawsuit did the nurse give me a wheelchair...I have multiple tumors on my spine that have grown rapidly in the last month, I seriously require medical attention from a medical professional before the damage to spine is irreparable."

**ANSWER:**     The Livingston County Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30.     The grievance described above in paragraph 29 was received by the jail, but no officer signed it or answered it.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     On January 5, 2013, Plaintiff was given ibuprofen, which was signed off by Defendant physician Karen Butler, M.D. and defendant officer Shawnee Brauman.

**ANSWER:**     The Livingston County Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     As of January 5, 2013, Defendants still failed to give Plaintiff medication for his neurofibromatosis or send him to a neurosurgeon to receive appropriate medical treatment.

8

**ANSWER:**    The Livingston County Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.    On January 6, 2013, Plaintiff made a third sick call request to defendant Sergeant Scott Harmon, who reported that Plaintiff advised him that "an increase in numbness and loss of use of legs. Believes he has a tumor pressing on his spinal cord."

**ANSWER:**    The Livingston County Defendants admit that Plaintiff made a sick call request on January 6, 2012, to Sergeant Harmon who wrote that Plaintiff stated his problem was "Increase in numbness and loss of use of legs.  Believes he has a tumor pressing on his spinal cord."  Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34.    The January 6, 2013 sick call request went unanswered for five days.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35.    On January 11, 2013, Plaintiff was seen for the first time by defendant physician Karen Butler, M.D., approximately six weeks after Plaintiff was imprisoned.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36.    Plaintiff was informed by defendant Karen Butler M.D. that a wheelchair would be accessible to him, but was encouraged to "work on exercises," but still received no medication or treatment for his neurofibromatosis.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

37.    On January 11, 2013, defendant Karen Butler M.D. ordered an x-ray of Plaintiff's spine, which found no acute abnormalities.

**ANSWER:**   The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint.

38.   On information and belief, an x-ray would not reveal the growth of any tumors on Plaintiff's spine.

**ANSWER:**   The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.   On January 11, 2013, defendant Karen Butler, M.D. stated in Plaintiff's "Medical Progress Note," that she would refer Plaintiff to a neurologist.

**ANSWER:**   The Livingston County Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.   On January 12, 2013, defendant Officer Brandi Vance received a grievance from Plaintiff stating that he did not understand why he was being deprived of his wheelchair seeing that his legs could no longer support his weight, his falls continued to occur and he required assistance to walk.

**ANSWER:**   The Livingston County Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41.   On January 14, 2013, defendant Officer Jason Lawrence answered the grievance submitted by Plaintiff on January 12, 2013 and gave Plaintiff a wheelchair.

**ANSWER:**   The Livingston County Defendants admit that on January 14, 2013, Defendant Lawrence answered the grievance submitted by Plaintiff on January 12, 2013; and, stated that he had "Spoke[n] with detainee McGinley on January 14, 2013, and no longer wished to file a grievance because he was given his wheelchair back."

42.   On January 15, 2013, defendant Karen Butler, M.D., after consulting with Gregory Rakestraw, D.O., scheduled an appointment for Plaintiff with a neurologist, Dr. David,

for February 26, 2013, an appointment scheduled for four months after Plaintiff initially entered

the jail.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information
to form a belief as to the truth of the allegations contained in Paragraph 42 of
Plaintiff's Second Amended Complaint.

43.    On or about January 17, 2013, Plaintiff was in so much pain and the tumors on his

spine had become so enlarged that he was transported from the defendant jail to OSF Saint

Francis Hospital, where he underwent T4-9 posterior fusion on January 19, 2013.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information
to form a belief as to the truth of the allegations contained in Paragraph 43 of
Plaintiff's Second Amended Complaint.

44.    Plaintiff was hospitalized at OSF Saint Francis Medical Center from January 17,

2013 through February 14, 2013, where he was admitted into OSF Saint Francis Medical

Center's acute inpatient rehabilitation and was discharged on February 14, 2013.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information
to form a belief as to the truth of the allegations contained in Paragraph 44 of
Plaintiff's Second Amended Complaint.

45.    To date, Plaintiff is paralyzed from the waist down and may never be able to walk

again, experiences permanent pain and suffering, and will need additional surgery as a result of

his neurofibromatosis going untreated at the Defendant jail.

**ANSWER:**    The Livingston County Defendants deny the allegations contained in Paragraph 45
of Plaintiff's Second Amended Complaint.

46.    Plaintiff was independent in all activities of daily living and was ambulatory

without assistance prior to his incarceration at defendant jail on November 29, 2012.

**ANSWER:**    The Livingston County Defendants have insufficient knowledge and information
to form a belief as to the truth of the allegations contained in Paragraph 46 of

11

Plaintiff's Second Amended Complaint.

47.     To date, plaintiff is paralyzed, may never be able to walk again, experiences

permanent pain and suffering, and will need additional surgery.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in Paragraph 47
of Plaintiff's Second Amended Complaint.

### COUNT I
**(*McGinley v. Sheriff Alvin G. Lindsey* – Section 1983 Claim: Failure to Provide Adequate
Medical Attention and Treatment in Violation of Plaintiff's Due Process Rights)**

1-47.     Plaintiff re-alleges Paragraphs 1 through 47 of this complaint as paragraphs 1

through 47 of Count I as though fully set forth herein.

**ANSWER:**     The Livingston County Defendants adopt and re-allege their Answers to
Paragraphs 1 through 47 above as their Answers to Paragraphs 1 through 47 of
Count I of Plaintiff's Second Amended Complaint.

48.     The Sheriff of Livingston County, Illinois is responsible for establishing and

implementing policies, practices and procedures designed to assure that Plaintiff, as a pretrial

detainee at Livingston County Jail, received adequate medical attention and treatment.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 48 of Count I of
Plaintiff's Second Amended Complaint.

49.     Defendant, ALVIN G. LINDSEY, in his official capacity as Sheriff Of Livingston

County, Illinois ("THE SHERIFF OF LIVINGSTON COUNTY") as current Sheriff of

Livingston County, is responsible for the establishment of and implementation of policies,

practices and procedures designed to assure that plaintiff, as a pretrial detainee at Livingston

County Jail, received adequate medical attention and treatment.

**ANSWER:**     Defendant Lindsey admits that the Sheriff of Livingston County is responsible for
the establishment of and implementation of policies, practices and procedures
designed to assure that Plaintiff, as a pretrial detainee at Livingston County Jail,

received adequate medical attention and treatment.  Defendant denies that he is
the sheriff and, therefore, denies he is a responsible party.

50.     Defendant's policy, practice and procedure were not designed to assure that

plaintiff, as a pretrial detainee at Livingston County Jail, received adequate medical attention and

treatment. Defendant adopted a policy, practice, procedure which he knew, or reasonably should

have known, would be ineffective in delivering adequate medical attention and treatment for

serious needs.

**ANSWER:**     Defendant Lindsey denies the allegations contained in Paragraph 50 of Count I of
Plaintiff's Second Amended Complaint.

51.     The policy, practice and procedure of the defendant Livingston County Jail, as

told to plaintiff, required that a "sick call request" for medical care be given to an officer within

the jail, before the pretrial detainee would be allowed to see a nurse and/or doctor.

**ANSWER:**     Defendant Lindsey denies the allegations contained in Paragraph 51 of Count I of
Plaintiff's Second Amended Complaint.

52.     This practice does not allow for the need to see a nurse or doctor on an emergency

basis. This practice delays and denies an inmate from receiving medical attention, in that, the

time in which the inmate will be seen for medical attention is dependent on whenever the

requests are taken by officers, answered and submitted for medical review.

**ANSWER:**     Defendant Lindsey denies the allegations contained in Paragraph 52 of Count I of
Plaintiff's Second Amended Complaint.

53.     The policy, practice and procedure implemented by defendant, THE SHERIFF OF

LIVINGSTON COUNTY, and the other defendants did not assure that plaintiff would receive

adequate medical attention. Rather, plaintiff was never given medication for his

neurofibromatosis while incarcerated, was forced to wait in excruciating pain for approximately

13

three weeks before being taken to see defendant nurse, PULLIAM, and approximately six weeks before seeing defendant doctor, BUTLER. By that time, plaintiff's tumors on his spine had enlarged to the point that Plaintiff became permanently paralyzed from the waist down.

**ANSWER:**     Defendant Lindsey denies the allegations contained in Paragraph 53 of Count I of Plaintiff's Second Amended Complaint.

54.     The policy, practice and procedure implemented by defendant, THE SHERIFF OF LIVINGSTON COUNTY, and the other defendants caused a serious delay in providing plaintiff adequate and appropriate medical attention and a denial of medical care and treatment, thereby endangering plaintiff's health and well-being.

**ANSWER:**     Defendant Lindsey denies the allegations contained in Paragraph 54 of Count I of Plaintiff's Second Amended Complaint.

55.     The policy, practice and procedure implemented by defendant, THE SHERIFF OF LIVINGSTON COUNTY, and the other defendants constituted a deliberate indifference to plaintiff's serious medical needs.

**ANSWER:**     Defendant Lindsey denies the allegations contained in Paragraph 55 of Count I of Plaintiff's Second Amended Complaint.

56.     The policy, practice and procedure implemented by defendant, THE SHERIFF OF LIVINGSTON COUNTY, and the other defendants did not assure that plaintiff would receive adequate and appropriate medical attention, in that after defendant doctor was unable to appropriately treat and care for plaintiff's neurofibromatosis, and plaintiff, was not scheduled an appointment with a neurologist until February 26, 2013, was made to wait again for another week in excruciating pain to his back, before being be rushed to OSF Saint Francis Medical Center for emergency T4-9 posterior fusion surgery.

14

**ANSWER:**   Defendant Lindsey denies the allegations contained in Paragraph 56 of Count I of Plaintiff's Second Amended Complaint.

57.   The policy, practice and procedure implemented by defendant, THE SHERIFF OF LIVINGSTON COUNTY, and the other defendants caused a serious delay in providing plaintiff with needed medical attention, and effectively denied plaintiff that care and treatment when most needed, thereby endangering plaintiff's physical, mental, and emotional health and well-being.

**ANSWER:**   Defendant Lindsey denies the allegations contained in Paragraph 57 of Count I of Plaintiff's Second Amended Complaint.

58.   Defendant, THE SHERIFF OF LIVINGSTON COUNTY, was acting under color of law in implementing the above-described policy, practice, and procedure, concerning the provision of medical care and treatment to plaintiff, for the LIVINGSTON COUNTY JAIL.

**ANSWER:**   Defendant Lindsey admits that, while he was the Sheriff of Livingston County, he acted under color of law.  Defendant denies the remaining allegations contained in Paragraph 58 of Count I of Plaintiff's Second Amended Complaint.

59.   Defendant THE SHERIFF OF LIVINGSTON COUNTY 's above-described conduct violated plaintiff's substantive right to due process under the Fourteenth Amendment to the United States Constitution, in that it denied plaintiff adequate medical care and treatment.

**ANSWER:**   Defendant Lindsey denies the allegations contained in Paragraph 59 of Count I of Plaintiff's Second Amended Complaint.

60.   As a direct and proximate result of defendants' conduct, Plaintiff sustained severe and permanent injuries.

**ANSWER:**   Defendant Lindsey denies the allegations contained in Paragraph 60 of Count I of Plaintiff's Second Amended Complaint.

15

61.  By reason of said injuries, Plaintiff suffered and continues to suffer extreme and unnecessary pain, suffering, disability, disfigurement, and distress. Further, Plaintiff has lost various gains and earnings he would otherwise have acquired but for the injuries sustained.

**ANSWER:**  Defendant Lindsey denies the allegations contained in Paragraph 61 of Count I of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant ALVIN LINDSEY denies that Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT II
### (*McGinley v. Livingston County, Illinois, as Indemnifier of Alvin G. Lindsey, Sheriff of Livingston County* – Section 1983 Claim: Failure to Provide Adequate Medical Attention and Treatment in Violation of Plaintiff's Due Process Rights)

1-47.  Plaintiff hereby adopts and re-alleges paragraphs 1 through 61 of Count I as paragraphs 1 through 47 of Count II as though fully set forth herein.

**ANSWER:**  The Livingston County Defendants adopt and re-allege their Answers to Paragraphs 1 through 61 above as their Answers to Paragraphs 1 through 47 of Count II of Plaintiff's Second Amended Complaint.

48.  Pursuant to 55 ILCS 5/5-1002 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003) and its progeny, Defendant, LIVINGSTON COUNTY ILLINOIS has a duty to indemnify Defendant, ALVIN G. LINDSEY as Sheriff of Livingston County for any judgment rendered against him in this matter. As such, Defendant, LIVINGSTON COUNTY ILLINOIS is hereby named as an indispensable party.

**ANSWER:**  Defendants admit that Livingston County has a duty to indemnify Lindsey for any compensatory damages judgment rendered against him while acting in the scope of his employment.  Defendant denies the remaining allegations contained in Paragraph 48 of Count II of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant LIVINGSTON COUNTY denies that Plaintiff is entitled to any judgment whatsoever against it, and prays this Honorable Court enter judgment in its favor and allow for the costs of defending this lawsuit.

## COUNT III

**(*McGinley v. Officer Shawnee L. Brauman, Officer Brandi Vance, Officer Jason L. Lawrence, Officer Michael L. Atkinson, and Sgt. Scott T. Harmon* – Section 1983 Claim: Failure to Provide Adequate Medical Attention and Treatment in Violation of Plaintiff's Due Process Rights)**

1-48. [sic]  Plaintiff hereby adopts and re-alleges paragraphs 1 through 47, above, as paragraphs 1 through 47 of Count I as though fully set forth herein.

**ANSWER:**    The Livingston County Defendants adopt and re-allege their Answers to Paragraphs 1 through 47 above as their Answers to Paragraphs 1 through 47 of Count III of Plaintiff's Second Amended Complaint.

48.    Defendants failed to take Plaintiff to dispensary from November 29, 2012 through his discharge on January 17, 2013 to obtain medication for his neurofibromatosis.

**ANSWER:**    The Livingston County Defendants deny the allegations contained in paragraph 48 of Count III of Plaintiff's Second Amended Complaint.

49.    This failure occurred despite Defendants' knowledge of Plaintiff's complaints of pain, failure to walk independently, multiple falls, his initial intake, which provided information regarding his genetic disorder of neurofibromatosis, and plaintiff's appearance which should have made it obvious to defendants that plaintiff was in serious need of medical attention.

**ANSWER:**    The Livingston County Defendants deny the allegations contained in paragraph 49 of Count III of Plaintiff's Second Amended Complaint.

50.    The aforesaid conduct demonstrated deliberate indifference to plaintiff's serious need for medical care and treatment, in violation of plaintiff's right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

17

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 50 of Count III of Plaintiff's Second Amended Complaint.

51.     Defendants failed to take Plaintiff to see a medical professional until three weeks after Plaintiff's initial complaint of pain and request to see a nurse or physician despite plaintiff's complaints of pain, numbness, weakness, inability to walk, and plaintiff's appearance which should have made it obvious to defendants that plaintiff was in serious need of medical attention.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 51 of Count III of Plaintiff's Second Amended Complaint.

52.     The aforesaid conduct demonstrated deliberate indifference to plaintiff's serious need for medical care and treatment, in violation of plaintiff's right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 52 of Count III of Plaintiff's Second Amended Complaint.

53.     Defendants ignored Plaintiff's "sick call requests" and "grievances" multiple times and did nothing to obtain further medical attention for plaintiff despite plaintiff's complaints of pain, numbness, weakness, inability to walk, and plaintiff's appearance which should have made it obvious to defendants that plaintiff was in serious need of medical attention.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 53 of Count III of Plaintiff's Second Amended Complaint.

54.     The aforesaid conduct demonstrated deliberate indifference to plaintiff's serious need for medical care and treatment, in violation of plaintiff's right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 54 of Count III of Plaintiff's Second Amended Complaint.

55.     Defendants did nothing to obtain further medical attention for plaintiff after he was told by defendant nurse James Pulliam, R.N. that he would be observed for 72 hours and was given no medication for his neurofibromatosis, despite plaintiff's complaints of pain, numbness, weakness, inability to walk, and plaintiff's appearance which should have made it obvious to defendants that plaintiff was in serious need of medical attention.

**<u>ANSWER:</u>**     The Livingston County Defendants deny the allegations contained in paragraph 55 of Count III of Plaintiff's Second Amended Complaint.

56.     This aforesaid conduct demonstrated deliberate indifference to plaintiff's serious need for medical care and treatment, in violation of plaintiff's right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

**<u>ANSWER:</u>**     The Livingston County Defendants deny the allegations contained in paragraph 56 of Count III of Plaintiff's Second Amended Complaint.

57.     Defendants did not take Plaintiff to a physician until approximately six weeks after he was incarcerated despite plaintiff's complaints of pain, numbness, weakness, inability to walk, and plaintiff's appearance which should have made it obvious to defendants that plaintiff was in serious need of medical attention.

**<u>ANSWER:</u>**     The Livingston County Defendants deny the allegations contained in paragraph 57 of Count III of Plaintiff's Second Amended Complaint.

58.     This aforesaid conduct demonstrated deliberate indifference to plaintiff's serious need for medical care and treatment, in violation of plaintiff's right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

**<u>ANSWER:</u>**     The Livingston County Defendants deny the allegations contained in paragraph 58 of Count III of Plaintiff's Second Amended Complaint.

59.     Defendants refused to give Plaintiff a permanent wheelchair despite the fact that he could not walk, was consistently falling, made several requests to have one at all times, complained of numbness and weakness, and plaintiff's appearance which should have made it obvious to defendants that plaintiff was in serious need of medical attention.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 59 of Count III of Plaintiff's Second Amended Complaint.

60.     This aforesaid conduct demonstrated deliberate indifference to plaintiff's serious need for medical care and treatment, in violation of plaintiff's right to substantive due process protected under the Fourteenth Amendment to the United States Constitution.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 60 of Count III of Plaintiff's Second Amended Complaint.

61.     As a direct and proximate result of defendants' conduct, Plaintiff sustained severe and permanent injuries.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 61 of Count III of Plaintiff's Second Amended Complaint.

62.     By reason of said injuries, Plaintiff suffered and continues to suffer extreme and unnecessary pain, suffering, disability, and disfigurement and distress. Further, Plaintiff has lost various gains and earnings he would otherwise have acquired but for the injuries sustained.

**ANSWER:**     The Livingston County Defendants deny the allegations contained in paragraph 62 of Count III of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants SHAWNEE BRAUMAN, BRANDI VANCE, JASON LAWRENCE, MICHAEL ATKINSON and SCOTT HARMON deny that Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court enter judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT IV
### (*McGinley v. James Pulliam, R.N.* – Section 1983 Claim: Failure to Provide Adequate Medical Attention and Treatment in Violation of Plaintiff's Due Process Rights)

The Livingston County Defendants do not address any claims or allegations contained in Count IV because Count IV is directed towards a different Defendant.

## COUNT V
### (*McGinley v. James Pulliam, R.N.* – State Claim for Medical Malpractice)

The Livingston County Defendants do not address any claims or allegations contained in Count V because Count V is directed towards a different Defendant.

## COUNT VI
### (*McGinley v. Karen Butler, M.D.* – State Claim for Medical Malpractice)

The Livingston County Defendants do not address any claims or allegations contained in Count VI because Count VI is directed towards a different Defendant.

## COUNT VII
### (*McGinley v. Advanced Correctional Healthcare, Inc..* – State Claim for Medical Malpractice)

The Livingston County Defendants do not address any claims or allegations contained in Count VII because Count VII is directed towards a different Defendant.

**The Livingston County Defendants demand trial by jury.**

Respectfully submitted,

s/ Zrinka R. Davis
ZRINKA R. DAVIS, Atty Bar No. 06287249
MICHAEL D. BERSANI, Atty Bar No. 06200897
*Attorneys for the Livingston County Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone: 630-773-4774      Fax: 630-773-4851
zdavis@hcbattorneys.com
mbersani@hcbattorneys.com

## **FIRST AFFIRMATIVE DEFENSE**

NOW COME Defendants SHAWNEE BRAUMAN, BRANDI VANCE, JASON LAWRENCE, MICHAEL ATKINSON and SCOTT HARMON, by and through one of their attorneys, ZRINKA R. DAVIS of HERVAS, CONDON & BERSANI, P.C., and, for their First Affirmative Defense to Plaintiff's Second Amended Complaint, state as follows:

Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants deny that Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court enter judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ Zrinka R. Davis**
ZRINKA R. DAVIS, Atty Bar No. 06287249
MICHAEL D. BERSANI, Atty Bar No. 06200897
*Attorneys for the Livingston County Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone:  630-773-4774        Fax:  630-773-4851
zdavis@hcbattorneys.com
mbersani@hcbattorneys.com

## SECOND AFFIRMATIVE DEFENSE

NOW COME Defendants LIVINGSTON COUNTY, ALVIN LINDSEY, SHAWNEE BRAUMAN, BRANDI VANCE, JASON LAWRENCE, MICHAEL ATKINSON and SCOTT HARMON, by and through one of their attorneys, ZRINKA R. DAVIS of HERVAS, CONDON & BERSANI, P.C., and, for their Second Affirmative Defense to Plaintiff's Second Amended Complaint, state as follows:

Defendants are not liable to Plaintiff because Plaintiff did not file or submit a grievance regarding the alleged incidents and jail conditions pursuant to the procedures outlined in the Livingston County Jail Inmate Handbook prior to filing suit and, therefore, did not exhaust his administrative remedies, as required under § 1997 of the Prisoner Litigation Reform Act (42 U.S.C. § 1997).

WHEREFORE, Defendants deny that Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court enter judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ Zrinka R. Davis**
ZRINKA R. DAVIS, Atty Bar No. 06287249
MICHAEL D. BERSANI, Atty Bar No. 06200897
*Attorneys for the Livingston County Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone:  630-773-4774        Fax:  630-773-4851
zdavis@hcbattorneys.com
mbersani@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| MATTHEW MCGINLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 CV 1586 |
| vs. | ) | |
| | ) | Judge James E. Shadid |
| LIVINGSTON COUNTY, et al. | ) | Magistrate Judge John A. Gorman |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

     I hereby certify that on December 23, 2014, I electronically filed the foregoing ***Livingston County Defendants' Answer & Affirmative Defenses to Plaintiff's Second Amended Complaint at Law*** with the Clerk of the U.S. District Court for the Central District of Illinois, Peoria Division, using the CM/ECF system, which will send notification to the CM/ECF participants:

**TO:**   Mr. Peter Jennetten, Quinn, Johnston, Henderson & Pretorius, 227 N. E. Jefferson Avenue, Peoria, Illinois 61602.

       Mr. Stephan Blandin, Mr. Michael Holden, Romanucci & Blandin, LLC, 321 N. Clark Street, Ste. 900, Chicago, Illinois 60654.

                       **s/ Zrinka R. Davis**
                       ZRINKA R. DAVIS, Atty Bar No. 06287249
                       MICHAEL D. BERSANI, Atty Bar No. 06200897
                       *Attorneys for the Livingston County Defendants*
                       HERVAS, CONDON & BERSANI, P.C.
                       333 Pierce Road, Suite 195
                       Itasca, Illinois 60143-3156
                       Phone:  630-773-4774    Fax:  630-773-4851
                       zdavis@hcbattorneys.com
                       mbersani@hcbattorneys.com